Curia, per

Earle J.
The Act of 1839,(b) re-enacting the provisions of the Prison Bounds’ Act of 1788, in the same words, declares that, “upoman escape, the plaintiff may either proceed against the defendant, to rc-rake him, or against his security; or in case the security should prove deficient, against the Sheriff, who shall be ultimatety answerable in damages for such escape.” The application of the plaintiff is to direct the Sheriff to re-take the defendant and confine him within the four walls of the jail. The order of the Court is surely not necessary to enable the *8 defendant to be re-taken. The order of the Court is of no superior efficacy to the ordinary process, which, by authority of law, the plaintiff has a right to have issued, for the purpose of recaption, and would, therefore, be a superfluous interference. If the Sheriff should refuse obedience to such process, the Court, upon a rule, *would enforce it. It would be idle, as well as endless, for the Court, in anticipation, to make orders requiring public officers to do their duty. To require the Sheriff to confine the defendant within the four walls of the jail, would be to prejudge a question which may not be considered entirely clear, whether on such a recaption the defendant would be entitled again to the benefit of the bounds? When re-taken, the defendant will be in custody of the Sheriff, with such rights as the law gives him. It is always mischievous, as there is good reason for saying that it is incompetent, for the Court to interfere before hand, with its advice upon a point of law; to express an opinion before a case has arisen. The course of the plaintiff being plainly pointed out by law, we must leave him to pursue it; and also leave the Sheriff and the defendant untrammeled by any expression of opinion, as to the duty of the one, or the rights of the other.
See Mack & Smith vs. Garrett, 10 Rich. 80. An.
The motion is therefore refused :
the whole Court concurring.

 11 Stat. 31. § 29. An.